# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>TWO TURNBERRY PLACE CONDOMINIUM ASSOCIATION, et al.,<br><br>Defendants | Case No.: 2:16-cv-02126-APG-VCF<br><br>**Order Granting Turnberry's Motion for Summary Judgment and Denying HSBC's Motion for Summary Judgment**<br><br>[ECF Nos. 25, 26] |

Plaintiff HSBC Bank USA National Association (HSBC) sues to determine whether a deed of trust still encumbers property located at 2857 Paradise Road, #706 in Las Vegas following a foreclosure sale conducted by a homeowners association (HOA), defendant Two Turnberry Place Condominium Association (Turnberry). Turnberry obtained title to the property by credit bidding at the HOA foreclosure sale. Defendant Richard E. Love is the former homeowner and borrower under the deed of trust. HSBC seeks a declaration that the HOA foreclosure sale did not extinguish the deed of trust and asserts alternative damages claims against Turnberry and Turnberry's foreclosure agent, Nevada Association Services, Inc. (NAS). Love and NAS have defaulted. ECF No. 18.

HSBC moves for summary judgment, arguing that the HOA sale should be equitably set aside because the sale price was grossly inadequate and HSBC did not receive notice of the foreclosure proceedings. HSBC also argues the notices did not state the deed of trust would be extinguished by the sale and the law at the time of the sale was not clear that an HOA sale would extinguish a deed of trust. Finally, HSBC argues that Turnberry was not a bona fide purchaser because it had record notice of the deed of trust.

Turnberry responds and moves for summary judgment, arguing that the assignment to HSBC was not recorded until a month and a half after the foreclosure sale, so Turnberry and NAS had no basis to send notice of the foreclosure proceedings to HSBC. Turnberry contends that it properly sent all notices to the beneficiary of record. Turnberry also argues there is no evidence of price inadequacy because there is no evidence of the property's value at the time of the sale. Finally, Turnberry argues it is a bona fide purchaser because mere awareness that a deed of trust exists is not sufficient to deprive it of bona fide purchaser status absent some evidence that it knew or should have known of a basis for the deed of trust beneficiary to challenge the sale.

I grant Turnberry's motion and deny HSBC's motion because there is no basis to equitably set aside the sale. Because there is no basis to set aside the sale, I grant judgment in favor of Love and NAS as well on HSBC's declaratory relief claim. No party moved for summary judgment on HSBC's damages claims against Turnberry and NAS, so those claims remain pending.

**I. BACKGROUND**

The original lender on the deed of trust was Morgan Stanley Dean Witter Credit Corporation. ECF No. 26-1 at 2. Morgan Stanley's address was identified in the deed of trust as 10681 Foothill Blvd. Suite 380, Rancho Cucamonga, California, 91730. *Id.* On September 1, 2011, Morgan Stanley assigned the deed of trust to HSBC. ECF No. 26-2. The assignment was not recorded, however, until November 8, 2011. *Id.*

Turnberry, through NAS, recorded a notice of delinquent assessment lien in May 2010. ECF No. 26-3. It filed a notice of default and election to sell in October 2010. ECF No. 26-4. And it recorded a notice of sale in February 2011 and another one on September 2, 2011. ECF

Nos. 26-5; 26-6.  The notice of default and both notices of sale were sent to Morgan Stanley at the address identified in the deed of trust. ECF No. 27-1 at 7-26.  The sale took place on September 23, 2011, at which Turnberry purchased the property through a credit bid in the amount of $30,580.44. ECF No. 26-7.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

To equitably set aside the sale, there must be proof of an inadequate price plus "some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017) (quotation omitted).  Where the price inadequacy "is great, a court may grant

relief based on slight evidence of fraud, unfairness, or oppression." *Id.* at 643.  However, the fraud, unfairness, or oppression must have affected "the sale itself." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (emphasis omitted).  And even where there is an inadequate price brought about by fraud, unfairness, or oppression, I am not required to set aside the sale.  Rather, I must weigh all of the equities, including the lienholders' inaction and the impact the requested relief may have on a bona fide purchaser. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114-15 (Nev. 2016) (en banc).  HSBC bears "the burden to show that the sale should be set aside in light of [Turnberry's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with [Nevada Revised Statutes (NRS)] Chapter 116's provisions." *Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 646 (internal citations omitted).

Even viewing the evidence in the light most favorable to HSBC, there is no basis to set aside the sale.  First, HSBC has presented no evidence that the sale price was inadequate.  There is no evidence as to what the property value was at the time of the sale.

Even if the price was inadequate, HSBC has not presented evidence of fraud, oppression, or unfairness.  Turnberry sent the foreclosure notices to Morgan Stanley at the address identified in the deed of trust.  There is no evidence that Morgan Stanley did not receive the notices. *See* NRS § 47.250(13) (creating rebuttable presumption that mail sent was received).  HSBC did not record the assignment of the deed of trust to it until long after the foreclosure sale took place.  Turnberry cannot be expected to send notices to unknown claimants.  Moreover, HSBC has not presented evidence that if it had received the notices, it would have done anything to protect the deed of trust.

The Supreme Court of Nevada has already ruled that at the time this sale took place, the foreclosure notices did not have to identify the superpriority amount. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc).  Further, legal uncertainty does not amount to fraud, oppression, or unfairness sufficient to set aside the sale.  Simply reading the statute that grants HOAs a superpriority lien would have put Morgan Stanley and HSBC on notice of the possibility that the deed of trust was in jeopardy. *See K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017) (en banc) (holding that the *SFR* decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception.").  Moreover, "[w]here the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby[.]" *Shadow Wood HOA*, 366 P.3d at 1116.

Even if there were irregularities, I still must weigh Morgan Stanley and HSBC's inaction when determining whether to set aside the sale. *Id.* at 1114-15.  There is no evidence that Morgan Stanley or HSBC took action prior to the sale to preserve the deed of trust, and HSBC waited nearly five years after the sale to bring this lawsuit.  Even if Turnberry is not entitled to bona fide purchaser status (despite having no basis to know of any reason why the deed of trust would survive the sale),[1] there is no basis to set aside the sale when considering the "entirety of the circumstances that bear upon the equities." *Id.* at 1114.  I therefore grant Turnberry's motion[2]

---

[1] *See Shadow Wood HOA*, 366 P.3d at 1115-16 (stating that mere knowledge that a lienholder can move to equitably set aside the sale is insufficient to defeat bona fide purchaser status absent actual, constructive, or inquiry notice of the basis for the challenge).

[2] Turnberry's motion was untimely under the scheduling order. *See* ECF No. 21.  However, the parties' and the court's resources would be wasted if I denied the motion on that basis.  Going to trial on a meritless claim serves no one's interests.  HSBC was on fair notice that judgment might be entered in Turnberry's favor and it had the opportunity to respond.

for summary judgment and deny HSBC's motion.  Because HSBC seeks the same declaratory relief against Love and NAS, I grant judgment in their favor on this claim as well.  This is the only claim against Love, so he no longer is a defendant in this action.

However, no party moved for summary judgment on HSBC's damages claims against Turnberry and NAS.  Consequently, those claims remain pending.

## III.  CONCLUSION

I THEREFORE ORDER that plaintiff HSBC Bank USA, National Association's motion for summary judgment **(ECF No. 25) is DENIED**.

I FURTHER ORDER that defendant Two Turnberry Place Condominium Association's motion for summary judgment **(ECF No. 28) is GRANTED**.  Summary judgment on plaintiff HSBC Bank USA, National Association's declaratory relief claim is granted in favor of the defendants.  Because this is the only claim against defendant Richard Love as trustee on behalf of REL Living Trust, he no longer is a defendant in this action.

DATED this 6th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE